UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JRAKAR J. GADDIS,

    Petitioner,

v.                                   Case No. 20-cv-815-pp

UNITED STATES OF AMERICA,

    Respondent.

---

**ORDER REQUIRING PETITONER TO FILE AMENDED AFFIDAVIT OF INDIGENCE AND TRUST STATEMENT**

---

On December 31, 2021, the court denied the petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, declined to issue a certificate of appealability and dismissed the case with prejudice. Dkt. No. 2. On February 17, 2022, the petitioner filed a "Request for a Certificate of Appealability" in the Seventh Circuit; the clerk's office in this court docketed that filing as a notice of appeal. Dkt. No. 4. On April 4, 2022, the petitioner filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 8.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may permit an appellant to proceed without prepaying the appellate filing fee if it finds that the appellant is indigent and that the appellant filed the appeal in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on

1

the information the petitioner provides in the affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). Under 28 U.S.C. §1915(a)(2), a petitioner seeking to appeal without prepaying the filing fee must also provide "a certified copy of the trust fund account statement (or institutional equivalent) for [the petitioner] for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

The petitioner filed an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis," but instead of providing the information requested in the affidavit, the petitioner crossed out and wrote "N/A" in most sections. Dkt. No. 8 at 8-11. Although the instructions on the first page of the affidavit tell the petitioner that he may answer any question with "0," "none" or "not applicable," it cannot be true that every single question on the affidavit is not applicable to him. The court understands that the petitioner is unemployed—he wrote that at question 12. Dkt. No. 8 at 12. But if he receives no employment income—not even through any prison employment—he must put "$0" or "N/A" in the field next to "Employment." If he receives no gifts of money from friends or family, he must put "$0" or "N/A" in the field next to "Gifts." If he has no cash anywhere, including in his prison account, he must put "$0" in the box next to "How much cash do you and your spouse have?" If he spends no money at all—not even commissary money or money for phone calls—he must put "$0" in the appropriate boxes on the expense page.

The court suspects that the petitioner has *some* money in his trust account—many incarcerated persons do. That is why an appellant is required

2

to provide a copy of his trust account statement—so that the court can see his income and expenses for the months prior to the date on which he filed his appeal.[1] The petitioner provided a written explanation at the beginning of the motion, indicating that his institution has been on a series of lockdowns due to the COVID-19 pandemic, security issues and staffing shortages. Dkt. No. 8 at 3. He says that this affects the mail, "as well as Petitioner obtaining a six month financial history of his monetary account." Id. He says that "as soon as" he obtains the trust account history from his institution business office he will send it to the court. Id. The court notes, however, that the petitioner was able to file his notice of appeal in the Seventh Circuit and to file this motion for leave to proceed without prepaying the filing fee in this court. Without specific responses to the questions in the affidavit of indigence and without a trust account statement, the court cannot determine whether it is appropriate for the court to allow the petitioner to proceed without prepaying the filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

---

[1] The petitioner did not file a trust account statement with his petition, either, so there is no previous statement in this case for the court to refer to.

3

Although the court declined in its December 31, 2021 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court's December 31, 2021 order denied the petitioner's §2255 motion because the court found his claims meritless from the face of the motion. While the court thinks it unlikely that the Seventh Circuit will disagree, it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous.

That said, the court cannot grant the motion without first determining whether the petitioner is indigent. The court cannot do that until the petitioner files (1) an affidavit of indigence that provides specific answers to each question in the form and (2) a trust account statement for the six-month period

4

immediately prior to the filing of the notice of appeal. The court will set a deadline below by which the petitioner must file those materials. If the court does not receive them by the deadline, the court will deny without prejudice the motion for leave to proceed without prepaying the filing fee.

The court **ORDERS** that the petitioner must file an amended affidavit of indigence and a trust account statement in time for the court to *receive* it by the end of the day on **May 13, 2022**. If the court does not receive those items—or a motion for an extension of time to file them—by the end of the day on **May 13, 2022**, the court will deny the motion for leave to proceed without prepaying the filing fee without prejudice.

Dated in Milwaukee, Wisconsin this 7th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**